UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE GENERAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-00442 JAR |
| | ) |
| RYDER SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 11) The motion is fully briefed and ready for disposition.

**I.  Background**

This action arises out of a dispute related to the condition and repair of a pre-owned, commercial shipping truck purchased by Plaintiff The General, LLC ("Plaintiff") from Ryder Vehicle Sales ("RVS"), a wholly-owned subsidiary of Defendant Ryder System Inc. ("Ryder"). Plaintiff is a Missouri limited liability company engaged in the business of interstate shipping of goods and merchandise throughout the United States. (Petition, Doc. No. 3 at ¶¶ 1, 2) Ryder, a Florida corporation with its principal place of business in Florida, is engaged in the business of purchasing, leasing, renting and/or selling commercial tractors. (Id. at ¶ 3) Ryder is also the parent of various subsidiary companies, including RVS and Ryder Truck Rental, Inc. ("RTR"), both Florida corporations. (Id. at ¶¶ 4–7) RTR engages in the business of selling, renting and/or leasing long-haul tractors to commercial entities that transport goods by tractor-trailer throughout the country, while RVS sells used long-haul tractors to commercial entities. (Id. at ¶¶ 5, 6)

1

Plaintiff alleges that RTR and RVS, both non-parties to this action, were acting as agents of Ryder at all relevant times. (Id. at ¶¶ 5, 7)

On January 30, 2018, Plaintiff filed the present action in the Circuit Court of St. Charles County, Missouri seeking damages under Missouri state law for fraudulent misrepresentation (Count I), fraudulent omission (Count II), and breach of warranty (Count III).[1] According to the complaint, Plaintiff purchased a 2008 Columbia 120 truck from RVS for $39,195.00 on September 27, 2013. (Id. at ¶ 14) Shortly after Plaintiff purchased the truck from RVS, the truck experienced a number of mechanical issues, including issues with the engine, axle, injector, belt, and tires. (Id. at ¶¶ 18–27) In Count I, Plaintiff alleges that Ryder, through its agent RVS, represented that the truck was of "road ready quality," having undergone a 140-point inspection. (Id. at ¶¶ 12, 32) Plaintiff alleges this representation was made fraudulently, intentionally, was material, and was relied upon by Plaintiff in its decision to purchase the truck. (Id. at ¶¶ 33-39)

In Count II, Plaintiff alleges that Ryder, through its agent RTR, failed to disclose that the truck had been in an accident and/or had a bent axle (id. at ¶ 41), thereby violating its "duty to disclose all material information which it knew or should have known about the truck" (id. at ¶ 43), and resulting in the truck's purchase being made in reliance upon RTR's silence (id. at ¶ 44).

In Count III, Plaintiff alleges that Ryder, through its agent RVS, represented that the truck was free from defects in material and workmanship, and that it would repair all covered components for the first 30 days or 10,000 miles from the date of sale," but then refused to repair such covered components including the engine and axle, breaching the express warranty in the sale contact. (Id. at ¶¶ 54, 55, 59)

---

[1] Plaintiff initially filed this action on August 2, 2014 in the St. Charles County Circuit Court against RVS and RTR for breach of warranty, fraudulent omission, and fraudulent misrepresentation. (Doc. No. 12-5) During the course of that case, fourteen (14) depositions were taken (Doc. No. 12-6), and two sets of interrogatories and two sets of requests for production of documents were propounded on each defendant (Doc. No. 12-7). Plaintiff dismissed the case without prejudice 25 days prior to trial. (Doc. No. 12-8)

Ryder removed the action to this Court on March 22, 2018, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and then moved to dismiss for lack of personal jurisdiction on July 3, 2018.

Ryder argues this Court lacks personal jurisdiction over it because it was not a party to the sales transaction and had no contacts with Missouri regarding the sale or warranting of the truck at issue. (Doc. No. 12 at 5-7) Ryder further argues that RVS and RTR are separate and distinct legal entities over which Ryder "exercises no control . . . with regard to day to day business operations" such that it could be considered their alter ego. (Id. at 7-8) In support of its motion, Ryder submits an affidavit from Sanford J. Hodes, Senior Vice President and Deputy General Counsel for Ryder. (Affidavit of Sanford J. Hodes ("Hodes Affidavit"), Doc. No. 12-2).[2] Hodes states that Ryder does not conduct any business in Missouri and does not have any employees who work in Missouri. Ryder has never had any business dealings with Plaintiff or sold Plaintiff any products or services. (Id. at ¶¶ 2(h), (f)). According to Hodes, Ryder is merely the parent company of RTR and RVS. (Id. at ¶ 2(i)). Ryder does not control the day to day business operations of RTR or RVS (id. at ¶ 2(l)); rather, Ryder is a separate and distinct legal entity from RTR and RVS and observes all formal legal requirements.

In response, Plaintiff maintains that it has pleaded sufficient facts to establish jurisdiction over Ryder in Missouri. More specifically, Plaintiff states that Ryder engaged in the business of purchasing, leasing, renting and/or selling commercial tractors, and/or was engaged in managing, administering and/or overseeing the subsidiary companies operating under the "Ryder" umbrella (including RVS and RTR); that RVS and RTR were "acting within the course and scope of their authority on behalf of Ryder; that RVS maintained an office in St. Charles County, Missouri;

---

[2] When considering a motion to dismiss for lack of personal jurisdiction, a court is permitted to consider matters outside the pleadings. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).

that RVS had "thousands" of pre-owned Ryder trucks in its inventory; and that Plaintiff purchased one of these trucks from RVS. (Doc. No. 15 at 4, 6) In support of its opposition, Plaintiff submits the deposition testimony of Michael Hanley, senior maintenance manager for RTR, identifying Ryder as the "parent company" of RVS. (Deposition of Michael Hanley ("Hanley Depo."), Doc. No. 15-2 at 19:16-20:20) Plaintiff also submits two emails between Plaintiff and Anna Bales, Vehicle Sales Manager for RVS, which, the Court notes, contain Ryder's logo. (Doc. Nos. 3-1, -2)

In its reply, Ryder does not dispute that personal jurisdiction can be asserted over a principal due to its agent's actions, but contends that Plaintiff has not met its burden to establish personal jurisdiction. Ryder notes that despite over three years of extensive discovery (including fourteen (14) depositions) conducted in the course of the first litigation regarding its purchase of the subject vehicle from RVS, Plaintiff fails to allege any facts to support its assertion that Ryder exercised the level of control over RVS and/or RTR that would permit the exercise of personal jurisdiction over Ryder, their parent company. (Doc. No. 16 at 3, 6)

**II.     Legal standard**

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists. Fastpath, Inc. v. Arbela Tech. Corp., 760 F.3d 816, 820 (8th Cir. 2014). A plaintiff's prima facie showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion.". K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not

4

shift to the party challenging jurisdiction. Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., 646 F.3d 589, 592 (8th. Cir. 2011); Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th. Cir. 2003).

### III. Discussion

Personal jurisdiction over a defendant represents the power of a court to enter "a valid judgment imposing a personal obligation or duty in favor of the plaintiff." Viasystems, 646 F.3d at 592 (quoting Kulko v. Superior Court of Cal., 436 U.S. 84, 91 (1978)). "Personal jurisdiction can be specific or general."[3] Id. at 593. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state . . . " Dairy Farmers of Am., Inc. v. Bassett & Walker Intern., Inc., 702 F.3d 472, 474–75 (8th Cir. 2012) (quoting Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1091 (8th Cir. 2008)). In a diversity action, a federal court may exercise specific personal jurisdiction "only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Id. (quoting Viasystems, 646 F.3d at 593).

"'[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause,' this court considers 'whether the assertion of personal jurisdiction would violate' due process." Aly v. Hanzada for Imports & Export Co., LTD, 864 F.3d 844, 849 (8th Cir. 2017) (quoting Eagle Tech. v. Expander Americas, Inc., 783 F.3d 1131, 1136 (8th Cir. 2015)). Due process requires "'minimum contacts between a defendant and the forum state' so that 'jurisdiction over a defendant with such contacts may not offend traditional notions of fair play and substantial justice.'" Id. (quoting

---

[3] Plaintiff does not argue that this Court has general personal jurisdiction over Ryder. A corporation is only subject to general jurisdiction where it is "at home," i.e., where it is incorporated or has its principal place of business. Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014). Ryder is a Florida corporation with its principal place of business in Florida. (Petition at ¶ 3)

5

Downing v. Goldman Phipps, PLLC, 764 F.3d 906, 912 (8th Cir. 2014) (internal quotation omitted)). "The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state, Burger King Corp. v. Rudzewicz, 471 U. S. 462, 482 (1985), to such a degree that it 'should reasonably anticipate being haled into court there.'" Viasystems, 646 F.3d at 594 (quoting World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

To determine the sufficiency of a nonresident's contact with the forum state, the court considers: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Dairy Farmers, 702 F.3d at 477 (quoting K–V Pharm., 648 F.3d at 592).[4]

Plaintiff argues that Ryder is subject to personal jurisdiction in Missouri based on the actions of its subsidiaries. Jurisdiction over a parent corporation may be proper if the record shows "the parent dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd., 127 F. Supp.3d 1020, 1030 (E.D. Mo. 2015) (internal quotation omitted). Personal jurisdiction can be based on the activities of the nonresident parent corporation's in-state subsidiary, "but only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Viasystems, 646 F.3d at 595; see also Epps, 327 F.3d at 648–49 (citing Contractors, Laborers, Teamsters & Engineers Health Plan v. Hroch, 757 F.2d 184, 190 (8th Cir. 1985); Lakota Girl Scout Council, Inc. v. Havey Fund-Raising

---

[4] Significant weight is afforded to the first three factors; the other factors are secondary and not dispositive. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004).

Management, Inc., 519 F.2d 634, 637 (8th Cir. 1975)).[5] "If the resident subsidiary corporation is the alter ego of the nonresident corporate defendant, the subsidiary's contacts are those of the parent corporation's, and due process is satisfied." Id. at 649.

> The Eighth Circuit has further explained that:
>
> A corporation is not doing business in a state merely by the presence of its wholly owned subsidiary. However, the fiction of corporate entity may be disregarded, where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation. Even a non-owned corporation may act as agent for another corporation. No all embracing rule has been laid down under which the relationship between two corporations may be determined. The circumstances in each case must be examined to determine whether a corporation through the activities of another corporation has subjected itself to jurisdiction in a state under its long arm statute."

Id. quoting Lakota Girl Scout Council, 519 F.2d at 637.

In re Genetically Modified Rice Litig., 576 F. Supp. 2d 1063 (E.D. Mo. 2008) is instructive. There, the court found that Bayer AG, a German corporation, was properly subject to specific jurisdiction in Missouri based on the jurisdictional contacts of its subsidiary Bayer CropScience AG. Although Bayer monitored performance and supervised the finances of its subsidiaries, shared the same logo and corporate name with its subsidiaries, and used a unified internal accounting system to track payments and receipts between its corporations, the court found these facts did not establish that Bayer CropScience AG was the agent or alter-ego of its parent, Bayer AG. Id. at 1074. The court focused instead on the entities' structural relationship;

---

[5] Plaintiff's argument that Ryder is subject to personal jurisdiction in Missouri "if RVS acted 'for the benefit of, with the knowledge and consent of, and under some control' of [Ryder]" is unavailing. Plaintiff bases its argument on a Second Circuit case interpreting New York's long-arm statute, Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 85 (2d Cir. 2018). Under that statute, there is jurisdiction over a principal based on the acts of an agent where the alleged agent acted for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal. This is not the law in Missouri.

the profit and control transfer agreements; and the "dominating power the corporate parent wielded over the subsidiary," to-wit:

> "Bayer AG and Bayer CropScience AG have a close, synergetic relationship. The corporate parent serves to provide guidance and set policy. The subsidiary's purpose is to carry out the directives of the parent and fulfill its obligations within the Bayer enterprise. Without the existence of one, the other lacks a key aspect of its essential make-up. Bayer benefits from marketing itself as a single, unified enterprise. As such, CropScience AG acts as a mere instrumentality or adjunct of the larger corporate parent. The structure established by Bayer is more than that of a typical holding company . . . Bayer AG is a management holding company, with the power to directly manage its subsidiaries. The profit and control transfer agreement in place between Bayer AG and CropScience AG specifies that [CropScience AG] subordinates the management of its company to Bayer. Bayer is entitled to give instruction to [CropScience AG's] Board of Directors regarding the management of the company. Moreover, CropScience AG undertakes to transfer its entire profit to Bayer. Thus any benefit accruing as the result of any alleged misdeed . . . would flow directly to the corporate parent."

Id. at 1075 (internal quotations omitted). The court also found persuasive the fact that this structure and its related agreements allowed for Bayer AG "not merely to invest in, but to manage and direct the Bayer enterprise as a whole, while claiming legally independent status." Id. (internal quotations omitted) Finally, even though Bayer CropScience AG had its own management board, the Court felt the groups were "independent only to the extent that Bayer AG allow[ed] them to be[,] [and] [that] Bayer AG still manages the managers." Id. (internal quotations omitted)

Here, Plaintiff alleges that Ryder was engaged in managing, administering and/or overseeing the subsidiary companies operating under the "Ryder umbrella" and that RVS and RTR were acting within the course and scope of their authority on behalf of Ryder. However, Plaintiff fails to show how the alleged actions of RVS and RTR are in any way attributable to Ryder, other than the fact that they are positioned as its subsidiaries. There are no factual allegations that suggest Ryder dictated every facet of its subsidiaries' business – from overall management strategy to general, daily matters – or dominated RVS and RTR in such a way as to

cause them to act as Ryder's alter ego for purposes of the transaction at issue. Plaintiff's conclusory statements fall short of what is required to impute a subsidiary's contacts to a parent corporation for the purposes of specific personal jurisdiction. See, e.g., Affordable Communities of Mo. v. Fed. Nat. Mortg. Ass'n, 714 F.3d 1069, 1074 (8th Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (finding unpersuasive the plaintiff's use of "labels and conclusions" to establish the defendants' agent-principal relationship). See also Christenson Transp., Inc. v. Samsung Intern. Inc., No. 04–3538–CV–S–RED, 2005 WL 1356151, at *2 (W.D. Mo. June 7, 2005) ("The Court finds that in this case Plaintiff has simply alleged in a conclusory manner the agency relationship between the Defendants.").

Plaintiff requests the Court permit it to conduct limited discovery on the issue of Ryder's business relationship with RVS and RTR "to discern the existence, nature, scope and/or extent of any agency relationship that existed at the time Plaintiff purchased the truck from RVS." (Doc. No. 15 at 7) Ryder argues that Plaintiff had adequate opportunity to conduct relevant discovery in this matter yet failed to provide any evidence or allege any facts in support of its claim that Ryder, as the parent company of RVS and RTR, is subject to personal jurisdiction in Missouri. (Doc. No. 12 at 8) In fact, Michael Hanley, Senior Manager of Maintenance for RTR, testified that the subject truck was owned by RTR at the time it was involved in the accident that Plaintiff alleges RTR fraudulently omitted. (Hanley Depo. at 26:10-25) Hanley further testified that after the lease expired, it transferred the vehicle to RVS in order to sell it. (Id.) Anna Bales, Sales Manager for RVS, testified that her marketing team sent the email to Plaintiff initiating the sale of the truck. (Deposition of Anna Bales ("Bales Depo."), Doc. No. 12-10 at 34:13-35:23) Plaintiff's sole member, Bill Ntwali, testified that Ms. Bales sold him the truck and provided the specification sheet which allegedly misrepresented the vehicle's history. (Deposition of Bill

Ntwali ("Ntwali Depo."), Doc. No. 12-11 at 60:8-24) Again, when considering a motion to dismiss for lack of personal jurisdiction, a court may consider matters outside the pleadings. Stevens, 146 F.3d at 543.

"The decision whether to grant jurisdictional discovery in a case is left to the trial court's sound discretion." Clockwork, 127 F. Supp.3d at 1030. Numerous cases hold that district courts have the discretion to deny jurisdictional discovery where the complaint fails to make a prima facie case of personal jurisdiction. Id. As discussed above, Plaintiff's petition does not make a prima facie showing of personal jurisdiction. Jurisdictional discovery is also inappropriate in light of the extensive discovery that previously occurred. The Court therefore denies Plaintiff's request for jurisdictional discovery. See, e.g., id; St. Louis Motorsports, LLC v. Gay, No. 4:17-CV-2694 PLC, 2018 WL 926563, at *5 n.10 (E.D. Mo. Feb. 16, 2018).

## IV. Conclusion

For these reasons, the Court finds Plaintiff has failed to meet its burden of establishing a prima facie case that federal courts in Missouri may properly assert personal jurisdiction over Ryder. As a result, the exercise of personal jurisdiction over Ryder is not consistent with due process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [11] is **GRANTED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of October, 2018.

*[signature: John A. Ross]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**