# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

THE GENERAL, LLC,          )
                                      )

        Plaintiff,            )
                                      )

        v.                    )     No. 4:18-CV-00442 JAR
                                      )

RYDER SYSTEM, INC.,        )
                                      )

        Defendant.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Vacate Dismissal Order and Motion for Leave to Amend. (Doc. No. 19) Defendant opposes the motion. (Doc. No. 21)

**Background**

The background of this case is set out in the Court's October 15, 2018 Order. (Doc. No. 17) The case arose out of a dispute related to the condition and repair of a pre-owned, commercial shipping truck purchased by Plaintiff from Ryder Vehicle Sales ("RVS"), a wholly-owned subsidiary of Defendant Ryder System Inc. ("Ryder") in 2013. Plaintiff alleged that RVS misrepresented that the truck was of "road ready quality" and that Ryder Truck Rental, Inc. ("RTR"), another Ryder subsidiary, failed to disclose, inter alia, the truck's accident history. On August 2, 2014, Plaintiff filed an action in St. Charles County Circuit Court against RVS and RTR seeking damages for fraudulent misrepresentation, fraudulent omission, and breach of warranty. Plaintiff dismissed the case without prejudice 25 days prior to trial, on December 14, 2017 because "it became apparent that [Plaintiff's expert] was not competent to provide coherent testimony." (Doc. No. 19 at ¶ 3)

On January 30, 2018, Plaintiff refiled its action in St. Charles County Circuit Court against Ryder only, and alleged that RVS and RTR were acting as agents of Ryder at all relevant times. Ryder removed the action to this Court on the basis of diversity jurisdiction and then moved to dismiss for lack of personal jurisdiction. Specifically, Ryder argued that the Court lacked personal jurisdiction over it because it was not a party to the sales transaction and had no contacts with Missouri regarding the sale or warranting of the truck at issue. Ryder further argued that RVS and RTR are separate and distinct legal entities over which it "exercises no control . . . with regard to day to day business operations" such that it could be considered their alter ego for purposes of the transaction at issue. The Court agreed, and on October 15, 2018, dismissed Ryder for lack of personal jurisdiction.

Plaintiff urges the Court to vacate its order of dismissal pursuant to Rule 60(b)(6) so that it may amend its complaint to reinstate RVS and RTR as defendants, "which is how the case was plead [sic] in the initial St. Charles County lawsuit." (Doc. No. 19 at ¶ 5) Plaintiff asserts that RVS and RTR routinely do business in Missouri and have offices in Missouri so "there should be no issue with respect to the Court's personal jurisdiction over these defendants" (id. at ¶ 6), and that the parties will save time and expense should Plaintiff be allowed to proceed with its claims against RVS and RTR (id. at ¶ 7).

**Discussion**

Under Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from an order when the party demonstrates "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress." Harley v.

<u>Zoesch</u>, 413 F.3d 866, 871 (8th Cir. 2005) (citing <u>Atkinson v. Prudential Property Co., Inc.</u>, 43 F.3d 367, 371 (8th Cir. 1994)); <u>see</u> <u>also</u> <u>Richards v. Aramark Services, Inc.</u>, 108 F.3d 925, 927 (8th Cir. 1997). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. <u>Rosebud Sioux Tribe v. A & P Steel, Inc.</u>, 733 F.2d 509, 515 (8th Cir. 1984). Rule 60(b) "is not a vehicle for simple reargument on the merits." <u>Broadway v. Norris</u>, 193 F.3d 987, 990 (8th Cir. 1999).

In this case, Plaintiff has not provided any indication that this is a case of extraordinary circumstances justifying relief under Rule 60(b)(6). Plaintiff has had ample opportunity to litigate its claim and offers no explanation for why it chose to refile against Ryder rather than the subsidiaries it previously sued. Relief under Rule 60(b)(6) is not justified when the judgment was based on the movant's litigation choice. 12 Moore's Federal Practice, §60.48[3][c] (Matthew Bender 3d ed.); <u>Good Luck Nursing Home, Inc. v. Harris</u>, 636 F. 2d 572, 577 (D.C. Cir. 1980) (Rule 60(b)(6) "should be only sparingly used" and may not "be employed simply to rescue a litigant from strategic choices that later turn out to be improvident").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Dismissal Order and Motion for Leave to Amend [19] is **DENIED**.

Dated this 2nd day of November, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**